UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALLY DINIUS, a married person,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., a Delaware corporation doing business in Washington,<br><br>Defendant. | NO.<br><br>(KING COUNTY SUPERIOR COURT NO. 20-2-07868-9 KNT)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***CLERK'S ACTION REQUIRED*** |

TO: CLERK OF THE COURT;

TO: PLAINTIFF SALLY DINIUS; AND

TO: COUNSEL FOR PLAINTIFF.

Pursuant to the provisions of 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28 U.S.C. § 1332, Defendant WALMART INC. ("Walmart") (incorrectly identified in the operative Complaint as WALMART STORES, INC.) hereby removes the above-captioned case from the Superior Court of King County, Washington, where it is currently pending, to the United States District Court for the Western District of Washington at Seattle.

\\

\\

\\



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# I. STATEMENT OF FACTS

1. Underlying Incident

Plaintiff SALLY DINIUS ("Plaintiff") alleges that she was "severely injured" while shopping at a Walmart store in Covington, Washington, when a bottle of juice fell off a shelf onto her neck and shoulder area. *See* Declaration of Eddy Silverman, Esq., attached hereto as **Exhibit A** (describing/attesting to exhibits); *see also* Complaint, attached hereto as **Exhibit B**, at ¶¶ 2.1, 3.8.

2. Relevant Procedural Facts

Plaintiff filed a Complaint in the Superior Court of Washington for King County on April 16, 2020. *See* Ex. B. There are no specific allegations or representations pertaining to damages in the Complaint (no amounts claimed). *See id.*

On June 26, 2020, Walmart served an RCW 4.28.360 Request for Statement of Damages on Plaintiff. *See* Pl.'s Resp. to Walmart's Request, attached hereto as **Exhibit C**. Plaintiff served a response on July 9, 2020—which is erroneously dated *January* 6, 2020[1]—wherein Plaintiff proposed or asserted that this matter has "a case value of $500,000." *See id.*

# II. BASIS FOR REMOVAL

A. Removal Is Timely

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446. If a case stated by the initial pleading is not removable, a notice of removal

[1] Which could not possibly be correct because Walmart did not even serve the request for a statement of damages until June 26, 2020.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" from which it may first be ascertained that the case is one which is, or which has become removable. *Id.* § 1446(b)(3).

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's response to Walmart's Request for Statement of Damages constitutes "other paper" within the meaning of 28 USC § 1446 from which it could be ascertained that this case is removable. As this Notice is being filed within 30 days of receipt of that response/"other paper," this Notice is timely.

B. <u>This Court Has Original Jurisdiction Over This Matter Under 28 U.S.C. § 1332(a)</u>

The district courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1). For the purposes of sections 1332 and 1441 of Title 28, a corporation shall be deemed to be a citizen of (a) the state in which it has been incorporated, or (b) the state wherein it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011).

1. <u>The Matter In Controversy Exceeds The Sum Or Value Of $75,000</u>

Per Plaintiff's response to Walmart's Request for Statement of Damages, Plaintiff's "good faith estimate of Plaintiff's known [general and special] damages" is $500,000.00.

2. <u>There Is Total Diversity Between The Parties</u>

Upon information and belief, Plaintiff is a resident of King County, Washington. *See* Ex. B at ¶1.1. Thus, Plaintiff is a "citizen of" Washington State. Walmart Inc. is (a) incorporated in Delaware, and (b) its principal place of business is in Arkansas. Thus, Walmart is a "citizen of" either Delaware or Arkansas, but <u>not</u> Washington State. Based on the foregoing, there is total diversity between these parties as described in 28 USC 1332(a)(1).

///



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## III. PROCEDURAL COMPLIANCE

A. <u>This Notice Complies With Applicable Local And Federal Rules</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

> (1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."
>
> (2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.
>
> (3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies. LCR 101(c).

In accordance with the above rules, true and complete copies of the following are attached hereto:

1. Complaint (Ex. B), which is included as a separate attachment in the electronic filing system, and labeled as the "Complaint";

2. Certificate of Service, attached hereto as **<u>Exhibit D</u>**; and

3. True and correct copies of all additional records and proceedings filed in the state court proceeding being removed by virtue of this petition, attached hereto as **<u>Exhibit E</u>**. *See also* Ex. A (attesting to and declaring truth and completeness of these filings in accordance with LCR 101(c)).

///

///



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

These documents/exhibits constitute and contain the entirety of the records and proceedings filed in King County Superior Court as of the date of filing this Notice. A Jury Demand was filed in state court in this matter, attached hereto as **Exhibit F.**

B. This Notice Is Properly Filed In This Court, And The King County Superior Court Is On Notice Of These Proceedings

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces King County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the King County Superior Court, and is also serving a copy of this Notice on counsel of record in the state court action.

## IV. CONCLUSION

Walmart hereby removes this matter from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

///

///

///

///

///

///

///



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

DATED this 24th day of July, 2020.

WILLIAMS, KASTNER & GIBBS PLLC

By s/Rodney L. Umberger
Rodney L. Umberger, WSBA No. 24948
s/Eddy Silverman
Eddy Silverman, WSBA No. 53494

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax: 206.628.6611
Email: rumberger@williamskastner.com
esilverman@williamskastner.com

***Counsel for Defendant Walmart Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

Marlena Grundy, WSBA 47026
PNW Strategic Legal Solutions, PLLC
1408 140th Pl. N, Suite 170
Bellevue, WA 98007
Tel: (206) 604-91999
Email: marlena@pnwsls.com
staff@pnwstrategiclegalsolutions.com

☑ ECF

***Counsel for Plaintiff***

Signed at Seattle, Washington this 24th day of July, 2020.

WILLIAMS, KASTNER & GIBBS PLLC

By *s/Catherine Berry*
Catherine Berry, Legal Assistant
cberry@williamskastner.com