# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| SALLY DINIUS, a married person,<br><br>                  Plaintiff,<br>vs.<br><br>WALMART STORES, INC., a Delaware corporation doing business in Washington,<br><br>                  Defendant. | NO:<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>**(Clerk's Action Requested)** |

COMES NOW the above-named Plaintiff, by and through her attorney of record, Marlena Grundy, and alleges as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.1    At all times material hereto, Plaintiff resided in King County, Washington.

1.2    At all times material hereto, Defendant, WALMART STORES, INC. (hereinafter "WALMART"), was a Delaware corporation, doing business in King County, State of Washington. At all times material hereto, WALMART owned and operated a retail grocery store at 17432 SE 270th Pl, Covington, 98042.

COMPLAINT - 1

1.3   Jurisdiction. This case claims damages arising out of a personal injury accident and jurisdiction is appropriate in the Superior Court as the Court of general jurisdiction. Jurisdiction is proper pursuant to RCW 4.28.185(1)(a).

1.4   Venue. The event complained of occurred in King County, Washington. Venue is therefore proper pursuant to RCW 4.12.020(3).

## II.   FACTUAL BASIS FOR CLAIMS

2.1   On April 23, 2017, Plaintiff was shopping at the WALMART store located at 17432 SE 270th Pl, Covington, 98042, in Covington, King County, Washington. WALMART employees were restocking the grocery aisle shelves. As Plaintiff walked down the juice aisle, a worker on the next aisle was restocking the high-stacked, top shelf. The worker pushed on his stock, resulting in a push-through event wherein an unsecured large bottle of juice on Plaintiff's aisle fell from the top shelf onto Plaintiff's neck and shoulder area, injuring her.

## III.   CLAIMS

3.1.   At the aforesaid time and place, defendant, WALMART, its agents, employees and/or managers knew the risk of merchandise falling from top shelves onto patrons walking down the aisles.

3.2   As a business invitee, WALMART owed Plaintiff a duty to maintain its premises, and the merchandise contained therein, in a reasonably safe

manner and to protect PLAINTIFF from dangerous conditions on WALMART'S premises it knew or should have known about.

3.3 WALMART owed Plaintiff the duty to inspect for dangerous conditions to ensure that merchandise was in a safe position and to ensure its employees were safely restocking merchandise.

3.4 WALMART owed Plaintiff a duty to warn her about the dangerous conditions created by WALMART'S restocking activities.

3.5 WALMART owed Plaintiff the duty to properly train and monitor its staff to recognize the danger of push-through incidents and falling merchandise and how to safely re-stock merchandise.

3.6 WALMART breached the above duties of care, including, but not limited to:

   a. Failing to maintain its premises in a safe condition;

   b. Failing to inspect the premises for unsafe and dangerous conditions;

   c. Failing to exercise reasonable care under the circumstances;

   d. Failing to warn of dangerous conditions;

   e. Failing to properly train, manage, and supervise employees.

3.7 WALMART had actual or constructive knowledge of the dangerous condition and failed to remove and/or warn of the danger.

3.8 As a direct and proximate result of WALMART's negligent acts alleged herein, PLAINTFF was severely injured. Although medical attention and

PNW STRATEGIC LEGAL SOLUTIONS, PLLC
1408 140th Pl. N, Suite 170
Bellevue, WA 98007
Phone: (206) 604-9199

supportive remedies have been resorted to, said injuries, together with pain and discomfort, and limitation of movement prevail and will continue to prevail for an indefinite time into the future.

## IV. DAMAGES

4.1 As a direct and proximate result of the negligence alleged herein, WALMART is liable to PLAINTIFF for damages.

4.2 PLAINTIFF has incurred and will likely continue to incur medical expenses, loss of earnings and earning capacity, and other expenses to be proved at the time of trial, all to her general and special damages, in an amount now unknown.

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For judgment against WALMART in an amount that will fairly compensate PLAINTIFF for all damages sustained and in an amount to be proved at the time of trial;

2. For PLAINTIFF's reasonable attorney's fees, costs, and disbursement incurred herein;

3. For PLAINTIFF'S prejudgment interested calculated at the maximum amount allowable by law;

4. That PLAINTIFF be awarded post-judgment interest, at the highest rate allowed by law on the outstanding amount of the judgment from the date of the judgment and continuing until the judgment is paid in full; and

5. For such other and further relief the court deems just and equitable.

DATED this 16th day of April 2020.

                                                        _____
                                                        Marlena Grundy, WSBA# 47026
                                                        Attorney for Plaintiff
                                                        1408 140th Pl. NE, Suite 170
                                                        Bellevue, WA 98007
                                                        425-223-5710
                                                        marlena@pnwsls.com

COMPLAINT - 5

PNW STRATEGIC LEGAL SOLUTIONS, PLLC
1408 140th Pl. N, Suite 170
Bellevue, WA 98007
Phone: (206) 604-9199